UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DAWSON MCCOMB II, | } |
| Petitioner, | } |
| v. | } Case No.: 5:17-CV-08024-RDP |
| | } (5:15-CR-00274-RDP-HNJ) |
| UNITED STATES OF AMERICA, | } |
| Respondent. | } |

**MEMORANDUM OPINION**

Anthony Dawson McComb II ("Petitioner") is currently in the custody of the Bureau of Prisons serving a 150-month prison sentence imposed after he pled guilty pursuant to a plea agreement to two felony counts. Petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. (*Id.*). The Motion has been fully briefed (*see* Docs. # 2, 6, 7) and is ripe for review. After careful review, and for the reasons explained below, the court concludes that Petitioner's Motion is due to be denied.

**I.     Background**

In August 2015, Petitioner was charged with two felony counts: (1) Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing Cocaine Hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count One); and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c) (Count Thirty). (Docs. # 1 & 659 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). Petitioner pled guilty to both counts and was sentenced to 90 months imprisonment as to Count One and a consecutive 60 months imprisonment as to Count Thirty, for a total of 150

months.

On June 9, 2017, Petitioner filed this motion under 28 U.S.C. § 2255, challenging his counsel's representation and claiming ineffective assistance of counsel. (Doc. # 2). Petitioner advances two main arguments. First, he claims he was denied effective assistance of counsel during the plea negotiations and during the plea hearing when his counsel allowed him to stipulate to the factual basis for the plea and sign a plea agreement (even though there was an insufficient factual basis as to Count Thirty). He contends the facts did not support a conclusion that his conduct constituted a "completed offense" under § 924(c). Second, he argues he was denied effective assistance of counsel as to Count One when his counsel failed "to make the legal argument that there was a lack of evidence and an insufficient factual basis to support the guilty plea[,] as the evidence showed a buyer seller relationship and not a conspiracy as charged." (Docs. # 1 at 6; 2 at 2).

After careful review, the court concludes that Petitioner is not entitled to relief because he has failed to show that, in either instance, his counsel's representation fell below an objective standard of reasonableness.

**II.     Standard of Review**

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion

summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

**III.    Discussion**

Before addressing Petitioner's arguments, the court notes that:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.

*United States v. Broce,* 488 U.S. 563, 569 (1989). Here, the record indicates that Petitioner's guilty plea of guilty was knowing and voluntary. (*See* Doc. # 749 at 4-5 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ).

Petitioner's claim here is that he was ineffectively counseled. He asserts this challenge notwithstanding the fact that during his plea hearing, when asked whether he was satisfied with the representation and advice he received from his counsel, he responded "yes, sir." (*Id.* at 5 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ).

"The Supreme Court [has] held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989). This two-part test asks: (1) whether the defendant can show that counsel's representation fell below an objective standard of reasonableness; and (2) whether the

3

defendant can show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). With respect to the second requirement, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. And where, as here, "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To be sure, "[s]crutiny of counsel's performance is 'highly deferential,' and the court indulges a 'strong presumption' that counsel's performance was reasonable." *Reese v. United States*, 2018 WL 6495085, *3 (M.D. Ala. Nov. 15, 2018) (quotation omitted).

Additionally, with respect to whether a petitioner is entitled to an evidentiary hearing on his § 2255 motion, the court need not grant a hearing to determine the issues and make findings of fact and conclusions of law when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Holmes*, 876 F.2d at 1552-53 (citing *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986)) (internal quotation marks omitted). Indeed, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Id.*

> **1. Petitioner was not denied effective assistance of counsel during the plea negotiations or the plea hearing because the facts support the conclusion that his conduct constituted a "completed offense" under § 924(c)**

In Count Thirty, Petitioner was indicted for "knowingly us[ing] a firearm during and in

4

relation to a drug trafficking offense." (Doc. # 1 at 24 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). The underlying facts were presented in the plea agreement and are relevant to this issue:

> During a phone call on March 2, 2015, at approximately 9:21 AM, (session 738) MCCOMB asked LAMPKIN, "Hey, you serious that you want that gun?" LAMPKIN replied that he was. MCCOMB responded, "Alright, you going to give me the zip when I bring it to you?" Agents know "zip" to be a reference to an ounce and in this case an ounce of cocaine. During an interview, LAMPKIN advised that MCCOMB had showed him an AR/AK type Assault Rifle and that LAMPKIN had expressed interest in buying it from MCCOMB. MCCOMB wanted to sell it to LAMPKIN in exchange for an ounce of cocaine.

(Doc. # 297 at 4 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). Petitioner asserts that his counsel rendered ineffective assistance during his plea negotiations and hearing because he "never bartered or completed a barter for drugs with a firearm." (Doc. # 2 at 5). Thus, he claims he did not "use" a firearm in relation to a drug trafficking offense, and therefore he cannot be convicted under § 924(c). (*Id.*).

The question before the court is not whether Petitioner's counsel's representation was perfect, but whether it was within the range of competence demanded of attorneys in criminal cases. The court concludes that in fact it was, and this is not a close call. In *Smith v. United States*, 508 U.S. 223 (1983), the Supreme Court was faced with a factual scenario similar to the instant case. The Court answered affirmatively "whether the exchange of a gun for narcotics constitute[d] 'use' of a firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)." *Id.* at 225. Specifically, the Court held that, notwithstanding the fact that the trade never actually occurred, "[b]y attempting to trade his [firearm] for the drugs, [the defendant] 'used' or 'employed' it as an item of barter to obtain cocaine; he 'derived service' from it because it was going to bring him the very drugs he sought." *Id.* at 229; *see United States v. Montano*, 398 F.3d 1276, 1281 (11th Cir. 2005) ("[A] firearm can be used without being carried,

5

*e.g.*, when an offender . . . *barters with a firearm* without handling it.") (citing *United States v. Bailey*, 36 F.3d 106, 146 (D.C. Cir. 1994)).

The same rationale applies here. Notwithstanding the fact that the firearm was not actually bartered or traded, Petitioner pled guilty to "using" the potential sale of an assault rifle as a means to purchase cocaine. In light of *Smith*, it cannot be said with an ounce of persuasion that his counsel's representation fell below an objective standard of reasonableness because there is clear precedent illustrating that Petitioner "used" a firearm under § 924(c).

> 2. **Petitioner was not denied effective assistance of counsel because his counsel did not fail to make legal arguments regarding a lack of evidence to support his guilty plea as to his conspiracy charge**

In Count One, Petitioner was charged with "knowingly, intentionally and unlawfully conspir[ing] and agree[ing] with each other . . . to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride." (Doc. # 1 at 4 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). Petitioner asserts that his counsel rendered ineffective assistance by allowing him to plead guilty to a conspiracy charge based on an insufficient factual basis. Specifically, Petitioner contends that he merely had a buyer-seller relationship with a member of the alleged conspiracy, as opposed to an active role in the conspiracy. (Doc. # 2 at 9). This argument wholly lacks merit, and Petitioner has failed to show that he is entitled to an evidentiary hearing on this issue.

The stipulated facts in Petitioner's Plea Agreement, which are relevant to this issue, are as follows:

> In mid 2013, members of the Madison and Morgan County Strategic Counterdrug Team (STAC), a High Intensity Drug Trafficking Area (HIDTA) designated task force and the Federal Bureau of Investigation (FBI) began an investigation into a cocaine trafficking group headed by MARCUS "BUBBA" LAMPKIN. As part of their investigation, STAC and the FBI received information from various sources as to the drug activities of LAMPKIN as well as conducting their own surveillance. On February 18, 2015, the Government sought and was

> granted a warrant to conduct wiretap operations on phone number (XXX) XXX-2107 belonging to LAMPKIN. That wiretap was terminated on March 10, 2015. During this time period, FBI and STAC agents monitored LAMPKIN'S phone line and conducted surveillance to confirm the information they were hearing. Numerous people, including ANTHONY DAWSON MCCOMB, were heard on the monitored phone line arranging drug deals.
>
> For example, in a series of five intercepted phone calls on February 22, 2015, MCCOMB tells LAMPKIN, "I'm coming at you with about 30 racks, so I know you can move for that." (Session 265) During an interview, LAMPKIN advised that 30 racks meant $30,000, and that he gave MCCOMB a kilogram of cocaine on that occasion. During the phone call at 7:13 PM and LAMPKIN directs MCCOMB to his (LAMPKIN'S) apartment to conduct the deal, and at 7:39 PM MCCOMB calls to tell LAMPKIN that he is outside. Decatur Police Department (DPD) Organized Crime Unit (OCU) Agent Wigginton observed MCCOMB'S vehicle parked on the street in front of LAMPKIN'S apartment complex.

(Doc. # 297 at 3-4 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). Again, the question is whether Petitioner's counsel's representation fell below an objective standard of reasonableness during Petitioner's plea negotiations and plea hearing. And, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true. Consequently, a defendant 'bears a heavy burden to show his statements [under oath] were false,'" or that he would not have pled guilty but for his counsel's ineffective assistance. *United States v. Ross*, 147 F. App'x 936, 939 (11th Cir. 2005). Petitioner has not met this burden.

In pleading guilty, Petitioner was advised of the elements of a conspiracy charge and was asked if he understood what the government would have to prove in order to convict him of a conspiracy. (Doc. # 749 at 8-9 in *United States v. Lampkin et al.*, 5:15-cr-00274-RDP-HNJ). He responded affirmatively. (*Id.*). Moreover, there is no indication that Petitioner in any manner challenged the facts related to the conspiracy charge, either in court or during the plea negotiations. Additionally, Petitioner has wholly failed to explain what evidence there is to contradict the existence of a conspiracy and his role in it. "An evidentiary hearing is not required where the facts alleged are not 'reasonably specific [and] nonconclusory.'" *Forbes v. United States*, 2013 WL

7

4046330, *9 (N.D. Ga. Feb. 13, 2013) (citing *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)).

Finally, Petitioner has failed to "demonstrate the viability of a 'buyer-seller' defense in his case." *Solano-Cruz v. United States*, 2014 WL 1246424, *5 (M.D. Ala. Mar. 21, 2014). "While the existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial agreement, an agreement to distribute drugs may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to a purchaser." *Reese v. United States*, 2018 WL 6495085, *14 (M.D. Ala. Nov. 15, 2018) (quoting *United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005)) (internal quotation marks omitted). Here, the agreed facts show Petitioner was a repeat player when it came to acquiring controlled substances from Lampkin. Petitioner's attempt to contradict the evidence underlying his guilty plea is unavailing, as he makes only conclusory assertions with respect to the defense of a buyer-seller relationship, and he has failed to offer anything to support that theory and negate the stipulated facts showing he was a member of the conspiracy. *See Ross*, 147 F. App'x at 939 ("[A] hearing is not necessary if the defendant only seeks to "relitigate representations made by himself, his lawyer, and the prosecutor in open court.").

The court concludes that Petitioner's counsel was not ineffective for failing to advise him that such a defense was potentially available or for failing to pursue such a defense.

**IV.    Conclusion**

For all the foregoing reasons, Petitioner's Motion (Doc. # 1) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 23, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE